IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHERRI KEMP** : | | CIVIL ACTION |
| *Plaintiff* : | | |
| : | | NO. 21-3447 |
| **v.** : | | |
| : | | |
| **KAYLA HOFFMAN,** *et al.* : | | |
| *Defendants* : | | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                      JANUARY 7, 2022

# MEMORANDUM OPINION

**INTRODUCTION**

Before this Court are the parties' responses, [ECF 7, 8], to the Rule to Show Cause Order, [ECF 6], which directed them to address whether Defendant Kayla Hoffman was fraudulently joined for the purpose of destroying diversity jurisdiction and whether this Court has subject-matter jurisdiction over this matter. In her submission, Plaintiff Cherri Kemp ("Plaintiff"), a citizen of Pennsylvania, contends that this matter was improperly removed on the basis of diversity jurisdiction because one of the named defendants—Defendant Kayla Hoffman ("Defendant Hoffman")—is also a Pennsylvania citizen. The remaining defendants, Walnut Street Lessee, L.P., doing business as The Radian, Walnut Street Lessee, L.P., Walnut Street GP LLC, and The Scion Group LLC, (collectively, the "Walnut Street Defendants"), ~~which removed this action to this Court,~~ argue that Defendant Hoffman was "fraudulently joined" for the purpose of destroying federal diversity jurisdiction. The issues raised ~~by the Court's Order and the parties' filings~~ have been fully briefed and are ripe for disposition. For the reasons set forth herein, Defendant Hoffman is dismissed from this matter as fraudulently joined.

**BACKGROUND**

Plaintiff commenced this personal injury action in state court by filing a complaint premised on negligence. In the complaint, Plaintiff alleges that on December 18, 2020, while patronizing a property located at 3925 Walnut Street, Philadelphia, Pennsylvania, (the "Property"), she slipped and fell on a snow/ice-covered sidewalk outside the Property, causing her to suffer various physical injuries. Plaintiff further asserts that Defendant Hoffman, who is alleged to have been the "owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the" Property at the time, and the Walnut Street Defendants are jointly and severally liable to Plaintiff for the injuries she suffered.

On August 3, 2022, the Walnut Street Defendants timely removed Plaintiff's case to federal court pursuant to 28 U.S.C. § 1441. In the notice of removal, the Walnut Street Defendants contend that Plaintiff fraudulently joined Defendant Hoffman solely as a means of defeating federal diversity jurisdiction.[1] Specifically, they argue that Plaintiff failed to allege a colorable and legally viable claim against Defendant Hoffman under applicable Pennsylvania law, and, therefore, this Court should disregard Defendant Hoffman's Pennsylvania citizenship for purposes of exercising diversity jurisdiction. In response, Plaintiff seeks remand of this case to state court, arguing that she has asserted a viable claim against Defendant Hoffman under the participation theory, and, thus, Defendant Hoffman was not "fraudulently joined."

**LEGAL STANDARD**

Removal of a civil action from state to federal court is proper only if the action initially could have been brought in federal court. 28 U.S.C. § 1441(a). The removal statutes "are to be

---

[1] Absent the inclusion of Defendant Hoffman as a party in this action, it is undisputed that complete diversity of citizenship exists for purposes of 28 U.S.C. § 1332 jurisdiction as none of the Walnut Street Defendants is incorporated or maintains a principal place of business in Pennsylvania, and Plaintiff is a citizen of Pennsylvania. The parties also do not dispute that the amount in controversy exceeds $75,000.00.

strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  District courts have original jurisdiction over all civil actions involving citizens of different states where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  To ascertain jurisdiction, individuals are deemed to be citizens of the state wherein they reside, *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 181 (3d Cir. 2008), while a corporation is deemed a citizen of every state in which it has been incorporated and where it has its principal place of business, 28 U.S.C. § 1332(c)(1).

Under the forum defendant rule, a civil action that is "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served, as defendants, is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  As will be discussed more fully below, the citizenship of a defendant that has been "fraudulently joined" should be disregarded for purposes of determining the existence of diversity jurisdiction.  *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).  The party removing the case bears the burden of showing that federal jurisdiction is proper at all stages of the litigation.  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

**DISCUSSON**

Plaintiff seeks to remand this matter pursuant to the forum defendant rule and because diversity jurisdiction is lacking, as both Plaintiff and Defendant Hoffman are citizens of Pennsylvania.  As noted, the Walnut Street Defendants argue that this Court should disregard the citizenship of Defendant Hoffman for jurisdictional purposes because she has been "fraudulently

3

joined," meaning that Plaintiff has failed to state a viable and colorable claim against Defendant Hoffman under applicable Pennsylvania law.

In the diversity jurisdiction context, the doctrine of fraudulent joinder serves as an exception to the requirement that removal be predicated solely upon complete diversity. *In re Briscoe*, 448 F.3d at 215–16. This doctrine prevents a plaintiff from joining non-diverse defendants with no real connection or interest to the controversy in order to defeat federal removal jurisdiction. *Id.* Removing parties (such as the Walnut Street Defendants) who assert that the plaintiff has fraudulently joined a party in order to destroy diversity jurisdiction carries "a heavy burden of persuasion." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987).

A district court may base a finding of fraudulent joinder on factual or legal grounds. *In re Zoloft Prods. Liab. Litig.*, 2013 WL 6050627, at *1 (E.D. Pa. Nov. 14, 2013). Such a finding is appropriate "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). A claim is colorable if it is not "wholly insubstantial and frivolous" in light of the relevant law. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). When evaluating fraudulent joinder, the district court "must resolve all contested issues of substantive fact . . . and . . . any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111 (citations omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (citation omitted). A court should not find a joinder fraudulent "[s]imply because [it] come[s]

4

to believe that, at the end of the day, a state court would dismiss the allegations against a defendant for failure to state a cause of action." *Kallman v. Aronchick*, 2013 WL 5964444, at *5 (E.D. Pa. Nov. 8, 2013) (quoting *Lyall v. Airtran Airlines, Inc.*, 109 F. Supp. 2d 365, 367–68 (E.D. Pa. 2000)). Rather, a finding of fraudulent joinder is usually reserved for situations where recovery from the non-diverse defendant is a clear legal impossibility. *West v. Marriott Hotel Servs., Inc.*, 2010 WL 4343540, at *3 (E.D. Pa. Nov. 2, 2010) (citations omitted). "Fraudulent joinder should not be found simply because plaintiff has a weak case against a non-diverse defendant." *Id.*; *see also Boyer*, 913 F.2d at 111.

Here, the issue is whether Plaintiff has pled a reasonable basis in fact or a colorable ground supporting her negligence claim against Defendant Hoffman, or if the claim pled against Defendant Hoffman is "wholly insubstantial and frivolous." *See Batoff*, 977 F.2d at 852. If this Court determines that the joinder of Defendant Hoffman was fraudulent, her Pennsylvania citizenship can be disregarded, and this Court can assume and retain jurisdiction over this matter and dismiss Defendant Hoffman from this action. *See In re Briscoe*, 448 F.3d at 216. On the other hand, if this Court determines that it has no jurisdiction over the action because the joinder of Defendant Hoffman was not fraudulent, the case must be remanded to state court. *See id.* (citing 28 U.S.C. § 1447(c)). The Walnut Street Defendants maintain that Plaintiff's negligence claim against Defendant Hoffman is legally deficient because Plaintiff has not alleged facts sufficient to satisfy the requirements of Pennsylvania's "participation theory"—the only viable theory under which a corporate manager, such as Defendant Hoffman, could be personally liable for negligence.[2] This Court agrees.

---

[2] While, ordinarily, a district court exercising diversity jurisdiction must undertake a choice-of-law analysis to determine which state's substantive law to apply to a plaintiff's claims, federal courts "cannot engage in a choice of law analysis where diversity jurisdiction is not first established." *Abels v. State Farm*

5

In *Wicks v. Milzoco Builders, Inc.*, the Pennsylvania Supreme Court confirmed that Pennsylvania law recognizes the participation theory as a basis of liability for the manager of a corporation. 470 A.2d 86, 90 (Pa. 1983); *see also Moore*, 907 F. Supp. 2d at 663; *Sherfey v. Johnson & Johnson*, 2014 WL 715518, at *6 (E.D. Pa. Jan. 29, 2014). Under this theory, a corporate officer or manager can be held personally liable for participating in the tortious activity of the company, but only where the manager "specifically direct[s] the particular act to be done or participate[s], or cooperate[s] therein." *Wicks*, 470 A.2d. at 90 (internal quotation marks and citation omitted); *see also Shay v. Flight C. Helicopter Servs., Inc.*, 822 A.2d 1, 17–20 (Pa. Super. Ct. 2003). A manager can be held personally liable for her own "misfeasance," *i.e.*, the "improper performance of an act," but not for mere "nonfeasance," *i.e.*, "the omission of an act which a person ought to do." *Brindley v. Woodland Vill. Rest., Inc.*, 652 A.2d 865, 868 (Pa. Super. Ct. 1995) (relying on *Wicks*). "[T]he mere averment that a corporate officer should have known the consequences of the liability-creating corporate act is . . . insufficient to impose liability." *Wicks*, 470 A.2d at 90.

Thus, the precise issue before this Court is whether Plaintiff has alleged sufficient facts to show that Defendant Hoffman committed misfeasance rather than mere nonfeasance. If Plaintiff has alleged only nonfeasance, *i.e.*, Defendant Hoffman's mere omission or failure to act, Plaintiff has not alleged a viable claim against Defendant Hoffman. After a careful review of the complaint,

---

*Fire & Cas. Co.*, 770 F.2d 26, 33 n.10 (3d Cir. 1985). A district court assessing the viability of state law claims at the fraudulent joinder stage "should instead apply the body of law suggested by the plaintiff, so long as that choice of law is itself colorable." *Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 662 (E.D. Pa. 2012). Notably, Plaintiff appears to acknowledge that Pennsylvania law applies to her claims, relying on Pennsylvania substantive law in her opposition. Moreover, Plaintiff is a Pennsylvania citizen, and her alleged injury occurred in Pennsylvania and was caused by the alleged negligence of Defendants. It appears, therefore, that Pennsylvania law would apply to Plaintiff's alleged negligence claims against Defendants. As such, this Court will analyze whether Plaintiff's alleged claim against Defendant Hoffman is colorable under Pennsylvania law.

this Court finds that the complaint is devoid of any allegation against Defendant Hoffman or that the existing dangerous condition, *i.e.*, the snow/ice-covered sidewalk, was the "result of an active, knowing participation by" Defendant Hoffman. *Brindley*, 652 A.2d at 870. At most, the complaint alleges that as the person in charge of the Property, Defendant Hoffman was responsible for its condition, (*see* Compl. at ¶ 2), and that she had either actual or constructive knowledge of the snow/ice-covered sidewalk. (*See id.* at ¶ 14a–d). The complaint includes a laundry list of allegations or actions that Defendant Hoffman *failed* or omitted to take. (*See id.* at ¶ 14f–p). For example, Plaintiff alleges that Defendant Hoffman:

> *fail[ed]* to properly store/move the dangerous condition; *fail[ed]* to implement policies and procedures related to safety; *fail[ed]* to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident; *fail[ed]* to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents; *fail[ed]* to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises; *fail[ed]* to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable, defective, dangerous, and unsafe conditions giving rise to the instant action; *fail[ed]* to provide adequate safeguards to prevent the injury to Plaintiff; fail[ed] to exercise the proper care, custody and control over the aforesaid premises; *fail[ed]* to follow internal safety protocols; *fail[ed]* to properly train employees . . . .

(*Id.* at ¶ 14f–p) (emphasis added). While Plaintiff's list contains numerous alleged "failures," such failures or omissions constitute, at best, nonfeasance on the part of Defendant Hoffman. Nowhere does Plaintiff allege that Defendant Hoffman "specifically directed the particular act" or acts that caused Plaintiff's injuries. *Wicks*, 470 A.2d at 90. Plaintiff alleges only that it was Defendant Hoffman's lack of action or omissions that led to the snow/ice-covered state of the sidewalk or Plaintiff's exposure to it. Such allegations do not rise to the requisite level of actionable misfeasance under Pennsylvania law to support personal liability under the participation theory.

7

Consequently, this Court finds that Plaintiff has failed to assert a viable or colorable negligence claim against Defendant Hoffman personally. As such, because Defendant Hoffman has been "fraudulently joined," her citizenship is disregarded, and the claims against her are dismissed. Therefore, Plaintiff's request to remand is denied, and this Court retains jurisdiction over this action.

**CONCLUSION**

For the reasons stated herein, Plaintiff's request to remand is denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.